**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERALD LEE MILLER, Jr.,

        Plaintiff-Appellant,

  v.

J. AKANNO, Dr.; et al.,

        Defendants-Appellees.

No.  15-16715

D.C. No. 1:12-cv-01013-LJO-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

    Gerald Lee Miller, Jr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation and deliberate indifference to his serious medical needs.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we affirm.

The district court properly dismissed Miller's retaliation and deliberate indifference claims against defendants Japee and Zamora because Miller failed to allege facts sufficient to state either claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health).

The district court did not abuse its discretion by denying Miller leave to amend after providing him with an opportunity to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to

15-16715

amend).

**AFFIRMED.**